"O"

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-1151-AG (ANx) | Date | October 22, 2009 |
|---|---|---|---|
| Title | FRESKA PRODUCE INT'L, LLC, et al. v. PRIME PRODUCE INT'L, et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:**   [IN CHAMBERS] ORDER DENYING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND SETTING HEARING ON THE MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs Freska Produce International, LLC and Bacchus Fresh International, Inc. ("Plaintiffs") filed their Complaint on October 6, 2009, alleging, among other things, claims under the Perishable Agricultural Commodities Act ("PACA"). On October 16, 2009, Plaintiffs filed an Ex-Parte Application for Temporary Restraining Order ("Application"). Plaintiffs seek to enjoin Defendants Prime Produce International, LLC, Avi Crane, and Henry Weinstock ("Defendants") from using assets of a PACA statutory trust. Plaintiffs request that this Court grant the Application without providing notice to Defendants. After considering all arguments submitted by Plaintiffs, the Application is DENIED.

Ex parte relief should be granted only if the evidence shows "that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Such relief has serious due process implications. *Fuentes v. Shevin*, 407 U.S. 67, 80-82 (1972) (due process requires that affected parties "are entitled to be heard" following "meaningful" notice, except in "extraordinary situations"); *Sniadach v. Family Finance Corp. of Bay View*, 395 U.S. 337, 339-40 (1969) ("the right to be heard 'has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest'"). This is especially true when the ex parte matter is a request for a temporary retraining order. And an ex parte request for a temporary restraining order *without notice* to the opposing party should be granted only in the rarest of circumstances.

Here, Plaintiffs allege that Defendants purchased produce from Plaintiffs and are behind on their payments. (Loza Affidavit ¶ 15-24; Jajkowski Affidavit ¶ 9.) The accounts are currently

"O"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-1151-AG (ANx) | Date | October 22, 2009 |
|---|---|---|---|
| Title | FRESKA PRODUCE INT'L, LLC, et al. v. PRIME PRODUCE INT'L, et al. | | |

between 94 and 165 days past due. (Jajkowski Affidavit, Exh. A; Loza Affidavit, Exh. A.) Plaintiffs allege that Defendants owe Plaintiff Freska Produce $84,560, and owe Plaintiff Bacchus Fresh $39,400. (Loza Affidavit ¶ 24; Jajkowski Affidavit ¶ 9.)

Plaintiffs cite *J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc.*, 98 B.R. 47, 50 (Bkrtcy. N.D. Fla. 1989), *Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154 (11th Cir. 1990), to support their argument that it is difficult to recover trust assets once they have been dissipated. (Certification of Counsel 4:8-14.) Notably, the defendants in all of these cases had notice and an opportunity to be heard before the courts granted injunctive relief. *J.R. Brooks*, 98 B.R. at 48-49; *Frio,* 918 F.2d at 156; *JSG Trading*, 917 F.2d at 76.

The Court finds the decision in *ASA Farms, Inc. v. Fresh 'N Healthy, Inc.*, No. C08-00122 JF, 2008 WL 115009, at *1 (N.D. Cal. Jan 10, 2008), to be more instructive on the issue of TRO without notice. There, like here, plaintiffs requested, without notice to the defendant, a TRO enjoining the defendant from dissipating the assets of a PACA statutory trust. *Id.* The *ASA Farms* plaintiffs argued that they were entitled to a TRO because "the giving of notice [would] only provide [the defendant] with advance warning that an order may be entered thereby giving time to [the defendant] to further dissipate trust assets by paying personal liabilities or non-trust creditors prior to the entry of the order." *Id.* The court rejected this argument because the plaintiffs did not allege any facts in support of the conclusory statement. *Id.*

Here, Plaintiffs assert that the Defendants are "experiencing serious financial problems." (Certification 4:1-2.) This statement is supported by facts in the affidavits such as statements from Defendants that financing had "fallen through," Defendants' failure to pay invoices on time, and Defendants' failure to respond to Plaintiffs' emails and phone calls. (Loza Affidavit ¶ 16-19, 21-23.) Plaintiffs also assert that because of those financial problems, "advising Defendants of the pendency of this Motion will allow them the opportunity to make payments on non-trust debts, e.g. criminal liability for failure to pay withholding taxes or civil liabilities." (Certification 4:2-8.) But, like the plaintiffs in *ASA Farms*, Plaintiffs here cite no evidence leading to an inference that Defendants are likely to use the trust assets for non-trust debts such as criminal or civil liabilities. The Court cannot find that Plaintiffs have met their high burden of showing that this is an extraordinary situation and that their cause will be irreparably prejudiced if Defendants are given notice and an opportunity to be heard on Plaintiffs' Motion for Preliminary Injunction.

"O"

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-1151-AG (ANx) | Date | October 22, 2009 |
|---|---|---|---|
| Title | FRESKA PRODUCE INT'L, LLC, et al. v. PRIME PRODUCE INT'L, et al. | | |

Plaintiffs Application for TRO is DENIED. The Court will hear Plaintiff's Motion for a Preliminary Injunction on November 9, 2009 at 10 a.m. if Plaintiff still seeks to litigate this Motion. If Plaintiffs wish to proceed with the Motion for Preliminary Injunction, Plaintiffs must notify the Court and all Defendants within five days of this order.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |